■ RE CORP., Appellant, v NEW YORK ENERGY SAVINGS CORP., Respondent. [911 NYS2d 54]—

Order, Supreme Court, Bronx County (Diane A. Lebedeff, J.),

entered on or about February 17, 2010, which, in an action seeking a declaration that the parties' contract was legally unenforceable, granted defendant's motion to stay proceedings and compel arbitration, unanimously modified, on the law, to the extent of declaring that the contract is legally enforceable, and otherwise affirmed, with costs.

Plaintiff claims that the contract it entered into with defendant to purchase gas and electric supplies at specified prices was an adhesion contract because it had unequal bargaining power with defendant who provided a form contract without entering into any negotiations. Inequality of bargaining power alone does not invalidate a contract as one of adhesion when the purchase can be made elsewhere (see Brower v Gateway 2000, 246 AD2d 246, 252 [1998]). The signature of plaintiff's agent appeared under a provision directing the signatory to review the specific pricing and billing clauses in the contract and plaintiff was afforded three business days to cancel the contract, which was to run for five years.

Notably, plaintiff does not dispute its signature on the contract or that the energy was actually delivered. Because plaintiff received the energy, there is no merit to plaintiff's contention that there was no consideration. Accordingly, the contract is enforceable and pursuant to its arbitration provision, this dispute must be arbitrated. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.